# CIRCUIT COURT OF ROANOKE COUNTY

Michelle Murray Cone,
a/k/a Lillian Michelle Cone

v.

John Paine Cone, Jr.

April 1, 2004

Case No. CH03-72

BY JUDGE ROBERT P. DOHERTY, JR.

After their prior separation in 1997, Husband and Wife entered into a reconciliation agreement that determined how some of their assets would be divided in the event of a future divorce. They have again separated and are now in the process of that future divorce; however, they do not agree as to the meaning of certain portions of their reconciliation agreement. Wife contends that the part of the agreement that requires her to transfer a partially improved tract of land to the Husband did not contemplate the transfer by her of the value of the house that has since been built on that land. Wife's theory is that the land should be treated as though it became the separate property of the Husband by virtue of the reconciliation agreement and that the marital effort and assets invested into the land after their previous reconciliation converted this real estate to a form of hybrid property, a portion of which is marital. Husband contends that the agreement is clear on its face and that it requires the Wife to transfer her entire interest in the real estate to the Husband in the event of a divorce, despite its appreciated value. He argues that the term "tract of real estate" means the same thing as "real estate," and it includes the land and anything permanently affixed to it, including the house. The Court finds in favor of the Husband.

The reconciliation agreement in this case is nothing more than a property settlement agreement entered into at the time of a prior reconciliation. *See Yeich v. Yeich*, 11 Va. App. 509, 513 (1990). Property settlement agreements are contracts and will be interpreted under the same rules as contracts generally. *Tiffany v. Tiffany*, 1 Va. App. 11, 15 (1985). Where an agreement is complete on its face and plain and unambiguous in its terms, a court is not at liberty to search for the contract's meaning beyond the four corners of the instrument. *Berry v. Klinger*, 225 Va. 201, 208 (1983). Rather, the court "must give effect to the intention of the parties as expressed in the language of their contract." *Martin & Martin, Inc. v. Bradley Enterprises, Inc.*, 256 Va. 201, 208 (1983).

The agreement states in its premises that it is the intent of the parties to enter into a binding agreement "as to any and all rights that either party would have in any future divorce litigation and/or equitable distribution of marital or hybrid property." The paragraph of the agreement dealing with the Wife's pension plan declares that the Husband waives all of his rights in the Wife's pension, and that the pension "shall be free and clear of any claim of Husband. . . ." Both parties agree that, despite the fact that the pension continued to appreciate in value due to the marital efforts of the Wife after the reconciliation, this contractual provision gives the entire pension to the Wife and eliminates any claim of the Husband to it.

The paragraph dealing with the transfer of real estate uses similar language. It says that the Wife shall "convey all of her rights, title, and interest in and to. . ." the subject real estate unto the Husband. It also says that the Wife "does hereby release forever to [Husband] to hold as his separate property ... free and clear of any claim of [Wife] . . ." the subject real estate. The Wife contends that this contractual provision that recites both the waiver of her rights and the transfer free and clear of any claim by her in the real estate unto the husband is somehow different from the similar provision whereby the Husband waives his rights and transfers the pension to the Wife. The Court does not discern a difference. The language used in the contract is clear and unambiguous. It allows the same meanings and the same connotations to be used for wording throughout the entire contract, rather than defining words and phrases one way for pensions and a different way for the real estate. The contract simply means what it says. Had the parties intended the contract to mean that the land would become hybrid property subject to equitable distribution, they would have written that down instead of the language they used. "The Courts cannot relieve one of the consequences of a contract merely because it was unwise ... [or] rewrite a contract simply because the contract may appear to reach an unfair result." *Pelfry v. Pelfry*, 25 Va. App. 239, 245 (1997).